UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WACHOVIA BANK, NATIONAL ASSOCIATION,
AS SUCCESSOR IN INTEREST TO
FIRST UNION NATIONAL BANK                                           PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:07-cv-496 DPJ-JCS

DR. L. STACY DAVIDSON, FAY S. DAVIDSON,
J. STACY DAVIDSON, AND FRILEY S. DAVIDSON                          DEFENDANTS

<u>ORDER</u>

This loan dispute is before the Court on the cross-motions for summary judgment of

Plaintiff Wachovia Bank, National Association and Defendants Dr. L. Stacy Davidson, Fay S.

Davidson, J. Stacy Davidson and Friley S. Davidson.  Defendants have also moved for partial

summary judgment regarding Wachovia's recovery of attorneys' fees.  The Court, having

considered the parties' submissions and the applicable law, finds that Plaintiff's motion for

summary judgment [62] should be denied, Defendants' motion for summary judgment [66] is

denied in part and granted in part, and Defendants' motion for summary judgment on attorneys'

fees [64] is denied.

I.      **Facts and Procedural History**

On September 30, 1996, Defendants Dr. L. Stacy Davidson, Fay S. Davidson, J. Stacy

Davidson and Friley S. Davidson each executed a promissory note in favor of First Union

National Bank, the predecessor in interest to Wachovia Bank, National Association

("Wachovia").[1]  The notes indicated that they were renewals or modifications of promissory

notes dated August 1995.  Apparently set up as lines of credit, the notes permitted the individual

_____

[1] By way of several mergers, Wachovia subsumed First Union National Bank in 2001.

Defendants to borrow up to the following amounts:  Dr. L. Stacy Davidson, $250,000.00; Fay S.

Davidson, $250,000.00; J. Stacy Davidson, $500,000.00; and Friley S. Davidson, $400,000.00.

The notes provided that each Defendant would be liable for First Union's reasonable collection

costs, including attorneys' fees.

       Wachovia made demand on the outstanding balance of each note in early 2002, but

Defendants did not pay the respective balances due on their notes.  On January 18, 2002, the

parties entered into four separate Forbearance Agreements granting Defendants until January 17,

2003 to pay the notes in full.  The Agreements also provided that Defendants would be liable for

all costs incurred by Wachovia related to the Agreements, including attorneys' fees.  Defendants

failed to pay the notes in full when they became due under the Forbearance Agreements.

       Wachovia filed the present action in August 2007, seeking the unpaid balance of the

notes plus interest and attorneys' fees.  The parties filed cross-motions for summary judgment,

and Defendants also moved for partial summary judgment with respect to Wachovia's claim for

attorneys' fees.

**II.      Analysis**

       A.      <u>Summary Judgment Standard</u>

       Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).

B.      Amounts Owed Under the Promissory Notes

All parties have moved for summary judgment with respect to Wachovia's primary claim for the unpaid balance of the promissory notes. Because Defendants do not dispute the existence or the enforceability of the promissory notes and Forbearance Agreements, the sole disputed issues are whether, and to what extent, Defendants can establish the outstanding balance due on the promissory notes. Wachovia seeks judgment for a specific sum documented in its exhibits. Defendants maintain that Wachovia's proof is replete with errors, that the amount sought has shifted, and that the claims should be dismissed for lack of competent supporting records. Defendants alternatively suggest that the issues are best decided at trial.

3

Having carefully examined the parties' submissions, the Court finds that genuine issues of material fact exist as to the amount due on the promissory notes.  In addition, this case is set for a bench trial, and a full record will place the Court in a better position to determine the sufficiency of proof and quantum of damages, if any.  Accordingly, the parties' cross-motions for summary judgment are denied except to the extent Defendants sought partial summary judgment on Plaintiff's claim that liability is joint and several.  That portion of Defendants' motion has been conceded and is granted.

      C.    <u>Recovery of Attorneys' Fees Under North Carolina Law</u>[2]

Defendants also moved for partial summary judgment with respect to Wachovia's claim for attorneys' fees incurred in enforcing the note.  North Carolina law allows the holder to recover attorneys' fees incurred in the collection of a note subject to several conditions.  N.C. GEN. STAT. ANN. § 6-21.2.  A holder seeking to recover attorneys' fees "shall, after maturity of the obligation by default or otherwise, notify the maker . . . sought to be held on the obligation that the provisions relative to payment of attorneys' fees . . . shall be enforced."  *Id.* § 6-21.2(5).  The notice must inform the maker that he or she has five days from such notice to pay the outstanding balance without the inclusion of attorneys' fees.  *Id.*

Although Defendants concede that Wachovia provided notice, they urge the Court to add another condition to the statutory language:  that the holder provide notice before filing an action to recover the indebtedness under the note.  However, North Carolina courts have declined to interpret section 6-21.2(5) as requiring pre-suit notice of the holder's intent to recover attorneys'

---

    [2] Each promissory note contained a choice of law clause selecting North Carolina law. No party has challenged the enforceability of the clauses.

fees.  *See Fed. Land Bank of Columbia v. Lieben*, 357 S.E. 2d 700, 704 (N.C. Ct. App. 1987)

(finding notice letter "was not rendered ineffectual because litigation had already commenced");

*Gillespie v. DeWitt*, 280 S.E. 2d 736, 747 (N.C. Ct. App. 1981) (same).  The Fourth Circuit Court

of Appeals reached this same conclusion in *In re Shangra-La, Inc.*, where it noted that under

North Carolina law, "it is not necessary to give notice prior to instituting a suit to enforce an

attorneys' fees provision, but instead notice may be given during the course of the proceedings."

167 F.3d 843, 851 (4th Cir. 1999).[3]  Accordingly, Wachovia's notice was effective under section

6-21.2(5), thereby entitling it to attorneys' fees should the Court find Defendants have not paid

the promissory notes in full.  Defendants' motion for partial summary judgment regarding

attorneys' fees is denied.

**III.    Conclusion**

  Based on the foregoing, the Court concludes that Plaintiff's and Defendants' cross-

motions for summary judgment should be denied.  Defendants' motion for partial summary

judgment is also denied.

  **SO ORDERED** this the 5th day of November, 2008.

s/ *Daniel P. Jordan III*     
UNITED STATES DISTRICT JUDGE

---

  [3] Defendants supporting authority is distinguishable because the holders in those cases failed to provide notice until after judgment.  *See, e.g., Raleigh Fed. Sav. Bank v. Godwin*, 394 S.E. 2d 294 (N.C. Ct. App. 1990).